# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DONALD NORMAN HESTER, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH L. SALAZAR, et al. <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:13-cv-106-DAK-PMW <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Plaintiff Donald Norman Hester's ("Mr. Hester") complaint against Kenneth L. Salazar, Vincent G. Logan, and Michelle F. Singer (collectively "Defendants") alleging unlawful employment discrimination based on his race in violation of Title VII of the Civil Rights act of 1964, as amended ("Title VII"),[2] and Mr. Hester's motions to appoint counsel[3] and for service of process.[4] The court notes that the Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[5] Accordingly, the court will address the sufficiency of Plaintiff's complaint under the authority of

---

[1] *See* docket no. 5

[2] *See* docket no. 3.

[3] *See* docket no. 4.

[4] *See* docket no. 6.

[5] *See* docket no. 1, 2.

the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court also recognizes that Mr. Hester is proceeding pro se in this case and, therefore, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## BACKGROUND

On February 12, 2013 Mr. Hester filed the complaint now before the court. In his complaint, Mr. Hester alleges his civil rights were violated when he was not hired for five positions for which he applied and was qualified in the Department of the Interior ("DOI") Office of the Special Trustee for American Indians ("OST"). Plaintiff alleges that the OST illegally applied the Indian Preference Act, 25 U.S.C. § 472 ("IPA"), part of the Indian Reorganization Act ("IRA"), and therefore he was unlawfully discriminated on the basis of his race because he is Caucasian and not Native American. Mr. Hester does not dispute that OST identified all five positions as subject to Indian Preference in the job postings on USAJobs.[6] Mr. Hester exhausted his administrative remedies before filing this complaint. On June 9, 2009, he filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). *See Hester v. Salazar,* EEOC DOC 0120110884, 2012 WL 2952008, at *1 (EEOC July 11, 2012). On November 18, 2010, Mr. Hester appealed the EEOC Administrative Judge's ("AJ") October 22, 2010 decision "reject[ing] [Plaintiff's] argument that the Agency's decision to ignore all non-Indian applicants once a pool of qualified Indian Preference applicants had been selected was

---

[6] *See* docket no. 3 at 4.

2

illegal." *Hester*, 2012 WL 2952008, at *1. The AJ found that the Agency's actions in Mr. Hester's case were in accordance with *Morton v. Mancari*, 417 U.S. 535 (1974), in which the Supreme Court held that "the application of the IPA does not violate Title VII's proscription against racial discrimination." *Id*. Mr. Hester's request for reconsideration was denied, and he filed the complaint now before the court.

## **ANALYSIS**

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quotations and citation omitted). When determining whether to dismiss for failure to state a claim under section 1915(e)(2)(B)(ii), courts employ the standard set forth for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alterations in original). Essentially, courts should "'look for plausibility in th[e] complaint.'" *Alvarado*, 493 F.3d at 1215 (quoting *Bell Atl. Corp.*, 550 U.S. at 564) (alteration in original).

Because Mr. Hester is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle*, 83 F.3d at 1202. Nevertheless,

> [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citations omitted).

"[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. "Thus, although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations in original).

According to his complaint, Mr. Hester is a former professor of accounting, a former financial executive, has a Bachelor's degree in Accounting, a Master's degree in Business Education, and a PhD in Information Systems, which he believes qualified him for the positions in the OST for which he applied.[7] Mr. Hester applied for five different executive positions in the

---

[7] *See* docket no. 3 at 3.

OST which he does not dispute is part of the DOI. The positions he applied for are Administrative Officer, Fiduciary Trust Officer, Program Analyst, Supervisory Program Analyst, and Supervisory Accountant.[8] Mr. Hester alleges that even though he was qualified for these positions, "OST refused to consider Plaintiff's application for [each position] because Plaintiff['s] skin is white and Plaintiff is not an American Indian."[9]

Mr. Hester argued in his complaint to the EEOC, in his appeal from the AJ's decision and in his request for reconsideration, as he does in his complaint now before this court, that the IPA does not apply to the OST, and therefore, OST's failure to consider him as an applicant based on his race is a violation of his civil rights under Title VII. Title VII prohibits discrimination in hiring "because of... race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Supreme Court held in *Mancari* that Indian preference is "[a]n important part of the [IRA]," and "this preference does not constitute 'racial discrimination.'" *Mancari*, 417 U.S. at 553.

However, Mr. Hester argues that the IRA and Indian preference in hiring applies only to the Bureau of Indian Affairs ("BIA") and Indian Health Services ("IHS"), but not to any other office within the DOI, and therefore preference to Indian applicants in hiring outside of the BIA and IHS constitutes "an illegal 'Indian only' hiring policy" that amounts to racial discrimination against him.[10] He admits that each of the postings for the positions to which he applied announced that Indian preference would be applied. However, Mr. Hester characterizes this as

---

[8] *See id*.

[9] *See* docket no. 3 at 4, 5, 6, 7, and 8.

[10] Docket no. 3 at 4.

5

OST "illegally us[ing] Indian Preference law, hijacked from the BIA."[11] As evidence of this conclusion, Mr. Hester submits a memorandum from the Deputy Solicitor of the DOI dated April 10, 1996, in which the Deputy Solicitor interprets the scope of Indian preference as it relates to OST. The Deputy Solicitor concludes that "the statutory Indian preference, 25 U.S.C. 472, does not in general apply to the Office of Special Trustee,"[12] but because the Office of Trust Fund Management ("OTFM") was removed intact from the BIA to OST, "in our view the preference continues to apply to the OTFM."[13] Based on this memorandum Mr. Hester concludes, and asks this court to conclude, that Indian preference applies only to the OTFM within OST and no other offices of OST.

However, the AJ concluded that the Agency's actions in Mr. Hester's case were in accordance with *Mancari*, in which the Supreme Court held that "the application of the IPA does not violate Title VII's proscription against racial discrimination." *Hester*, 2012 WL 2952008, at *1. In denying Mr. Hester's request for reconsideration, the EEOC rejected his argument that OST was illegally applying the IPA and concluded that "the AJ's decision was [not] erroneous, nor was the Agency's implementation of the AJ's decision." *Hester v. Salazar*, EEOC DOC 0520120543, 2013 WL 393709, at *1 (EEOC Jan. 16, 2013).

Furthermore, the D.C. District Court has held that "the term 'Indian Office' in Section 12 of the [IRA] must be construed to mean positions in the [DOI], whether within or without the

---

[11] Docket no. 3 at 5.

[12] Docket no. 3, Exhibit D at 4.

[13] *Id.* at 6.

6

[BIA], that directly and primarily relate to providing service to Indians when filled by the appointment of Indians." *Indian Educators Fed'n Local 4524 of Am. Fed'n of Teachers, AFL-CIO v. Kempthorne*, 541 F. Supp. 2d 257, 265 (D.D.C. 2008) ("*Kempthorne I*"). In *Kempthorne I*, the Indian Educator's Federation sued the DOI for failing to apply Indian preference to positions in the OST and the Office of the Assistant Secretary-Indian Affairs ("AS–IA"). That court granted declaratory relief that "the Interior Department's failure to apply Section 12's Indian preference to all positions in the Department that directly and primarily relate to providing service to Indians is unlawful." *Id*. at 267. In a subsequent determination, the court denied injunctive relief because the case "did not reach the ultimate question of whether *particular positions* - for example, all those in in AS–IA or OST - directly and primarily relate to providing services to Indians when filled by the appointment of Indians." *Indian Educators Fed'n Local 4524 of Am. Fed'n of Teachers, AFL-CIO v. Kempthorne*, 590 F. Supp. 2d 15, 20 (D.D.C. 2008). Similarly, Mr. Hester does not argue that particular positions in the OST should be exempt from Indian preference because they do not "directly and primarily relate to providing services to Indians when filled by the appointment of Indians." *Kempthorne I*, 541 F. Supp. 2d at 264. Rather, Mr. Hester argues that the IPA does not apply to the entire OST.

Even if the Mr. Hester had argued that the IPA should not apply to these particular positions, or if he were allowed to amend his complaint to make that argument, Mr. Hester's allegations would still not support a claim for legal relief. As the court in *Kempthorne I* pointed out, the term "Indian Office" is ambiguous, and "[t]ypically, when a statute contains and ambiguous term . . . the Court defer[s] to an agency's permissible construction of the statute." *Id*

7

at 264. Furthermore, when a case involves American Indian law, "statutes are to be construed liberally in favor of the Indians, with ambiguous terms provisions interpreted to their benefit." *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985). Usually, this liberality rule serves to overcome an Agency's interpretation of a statute which is unfavorable to the Indians (such as in *Kempthorne I* where the Agency was not applying Indian preference), because "the cannons of construction applicable in Indian law are rooted in the unique trust relationship between the United States and the Indians." *Oneida County v. Oneida Indian Nation*, 470 U.S. 226, 247 (1985). In this case, however, the Agency interprets the statute to mean that Indian preference *does* apply to the positions in question and the liberality rule only shores up this interpretation. Applying Indian preference to these positions in the OST to which Mr. Hester applied is a permissible construction of the statute and construing the law most favorably to the Indians sustains the Secretary's determination. Interpreting the ambiguous term "Indian Office" to the benefit of the Indians and giving deference to the Agency's interpretation, supports the conclusion that Indian preference should apply, and leaves no room for Mr. Hester to argue that the IPA does not apply to the specific positions to which he applied.

Because the Supreme Court has ruled in *Mancari* that Indian preference "does not constitute 'racial discrimination,'" *Mancari*, 471 U.S. at 553, Mr. Hester's claims that he was subjected to racial discrimination and that his civil rights have been violated are not valid. Therefore, because Mr. Hester has not stated a claim upon which relief can be granted, and it would be futile to amend his complaint, his complaint should be dismissed under the authority of

28 U.S.C. § 1915(e)(2)(B)(ii). Based on that conclusion, Mr. Hester's motion to appoint counsel and motion for service of process should be deemed moot.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Hester's complaint be **DISMISSED** under the authority of the IFP statute for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Mr. Hester's motion to appoint counsel[14] be deemed **MOOT.**

3. Mr. Hester's motion for service of process[15] be deemed **MOOT.**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 29th day of July, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[14] *See* docket no. 4.

[15] *See* docket no. 6.

9