IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DONALD NORMAN HESTER,**<br><br>　　　　　**Plaintiff,**<br>vs.<br><br>**KENNETH L. SALAZAR et al,**<br><br>　　　　　**Defendants.** | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No.  2:13CV106 DAK |

　　　　This matter is before the court on the Magistrate Judge's Report and Recommendation, which was signed and entered on July 29, 2013.[1]  On February 12, 2013, Plaintiff filed his Complaint,[2] and, on February 14, 2013, the case was referred to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).[3]  On July 29, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that the court dismiss Plaintiff's Complaint under the IFP statute for failure to state a claim upon which relief can be granted, and also recommending that Plaintiff's motions to appoint counsel and for service of process be deemed moot.[4]  On August 9,

---

[1] Docket No. 7.

[2] Docket No. 3.

[3] Docket No. 5.

[4] Docket No. 7 at page 9.

2013, Plaintiff timely filed an Objection to the Report and Recommendation.[5]

Under 28 U.S.C. § 636(b)(1)(B), a district court must make *de novo* determinations as to a magistrate judge's recommendations if a party objects to the magistrate's recommendations. *See Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Accordingly, the court has reviewed the entire record in this case, including Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objection. Having made a *de novo* review, the court accepts in whole the findings and recommendations made by the Magistrate Judge and therefore adopts the Report and Recommendation in its entirety.[6]

## CONCLUSION

For the foregoing reasons, the court hereby APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation. Accordingly, the Complaint is DISMISSED with prejudice, and Plaintiff's Motion to Appoint Counsel [Docket No. 4] and his Motion for Service

---

[5] Docket No. 8.

[6] Plaintiff suggests that the Magistrate Judge was not neutral but rather was on the side of the Defendants. *See* Docket No. 8, Objection at page 19. The court notes that Defendants have not been served and had made no appearance in this lawsuit, and thus, the Magistrate Judge's review was based solely on the pleadings and documents filed by Plaintiff, along with the relevant law. In drafting the Report and Recommendation, the Magistrate Judge merely addressed the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quotations and citation omitted). This court agrees with the Magistrate Judge's recommendation that Plaintiff has not stated a claim upon which relief could be granted, and it would be futile to give him an opportunity to amend.

of Process [Docket No. 6] are MOOT. The Clerk of Court is directed to close this case.

DATED this 23rd day of September, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge